# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**DAISY BUNDRAGE,**

        Plaintiff,

**vs.**          **CASE NO. _____**

**CREDIT ONE BANK, N.A.,**

        Defendant.

_____/

## COMPLAINT
## JURY DEMAND

### INTRODUCTION

1. Plaintiff alleges that Defendant incessantly and unlawfully called Plaintiff using an automatic telephone dialing system (i.e. "auto-dialer") and/ or a prerecorded voice in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA") and the Telephone Consumer Protection Act, 42 U.S.C. § 227 *et seq*. ("TCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367(a) and 47 U.S.C. § 227(b)(3). See Mims v. Arrow Financial Services, LLC, 132 S. Ct. 740 (2012). Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, Daisy Bundrage is a natural person and a citizen of the State of Florida, residing in Manatee County in the Middle District of Florida.

4. Defendant, Credit One Bank, N.A. is national banking association organized under federal law with its principal place of business in the State of Nevada.

5. Defendant is a "person" as that term is defined by Fla. Stat. § 1.01(3).

6. The FCCPA applies to any "person" collecting or attempting to collect a consumer debt. E.g., Gann v. BAC Home Loans Servicing LP, 145 So. 3d 906 (Fla. 2d DCA 2014); Schauer v. General Motors Acceptance Corp., 819 So. 2d 809, 811-12 (Fla. 4th DCA 2002).

## FACTUAL ALLEGATIONS

7. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family, or household purposes.

8. On or about November 2016, in an attempt to collect the alleged debt, Defendant began using an automatic telephone dialing system or a pre-recorded or artificial voice to place daily, repeated telephone calls to Plaintiff's cellular and home telephones.

9. Plaintiff's cellular telephone number is 941-███-0294.

10. Plaintiff's home telephone number is 941-███-6037.

11. The daily, repeated telephone calls were inconvenient and intrusive to Plaintiff.

12.     Distressed by the daily, repeated telephone calls, on or about December 8, 2016, Plaintiff wrote to Defendant requesting that Defendant stop placing telephone calls to Plaintiff. Hereinafter, referred to as "Plaintiff's cease and desist request."

13.     Defendant received Plaintiff's cease and desist request on December 12, 2016. A copy of the request and proof of delivery are attached hereto as **Exhibit A.**

14.     Defendant ignored Plaintiff's cease and desist request and continued to place daily, repeated telephone calls to Plaintiff's home and cellular telephones.

15.     By way of example, on December 19, 2016, Defendant placed no less than five (5) telephone calls to Plaintiff's cellular telephone.

16.     By way of example, on December 21, 2016, Defendant placed no less than seven (7) telephone calls to Plaintiff's cellular telephone.

17.     Defendant called Plaintiff from many different telephone numbers, including, but not limited to, 941-201-3896, 727-202-9621, 727-325-1726, 727-202-9619, and 727-202-9620.

18.     Defendant transmitted false and deceptive caller ID information.

19.     Specifically, Defendant caused telephone numbers with a 941 or 727 area code, which are Plaintiff's local area codes, to be transmitted to Plaintiff's cellular telephone caller ID.

20.     Upon information and belief, Defendant did not place the telephone calls from anywhere within the 941 or 727 area codes as Defendant does not have any call centers within that area.

21. Consumers are more likely to answer or call back calls from local area codes.

22. Defendant knows consumers are more likely to answer or call back calls from local area codes.

23. Upon information and belief, Defendant transmitted the local number in order to trick Plaintiff into answering Defendant's telephone call.

24. Defendant transmitted false and deceptive caller ID information in the telephone codes.

25. Upon information and belief, Defendant caused the caller ID on Plaintiff's home telephone to indicate the telephone calls were from "Sam's Club" in order to trick Plaintiff into answering Defendant's telephone calls.

26. After receiving Plaintiff's cease and desist request, Defendant placed no less than twenty telephone (20) calls to Plaintiff's cellular telephone.

27. Because Defendant transmitted the deceptive caller ID information, Plaintiff was not able to document every call Defendant placed to Plaintiff's cellular telephone.

28. Upon information and belief, Defendant's records will show that Defendant placed more than one hundred (100) telephone calls to Plaintiff within the year prior to this Complaint.

29. The following characteristics of Defendant's telephone calls indicate that Defendant utilized an automated telephone dialing system to place the calls at issue: (a) on several occasions, Plaintiff answered the telephone calls to speak with the caller but

the caller terminated the call without speaking after a moment of dead air; (b) the frequency of the calls; and (c) the calls were placed at approximately the same time and in the same pattern each day.

30. Based upon the foregoing, and upon discovery to be conducted in this case, Plaintiff asserts that Defendant utilized an automated telephone dialing system to place the calls at issue.

31. Upon information and belief, and upon discovery to be conducted in this case, Plaintiff asserts that Defendant used a pre-recorded or artificial voice to place the calls at issue.

32. Defendant's continued incessant and unlawful daily, repeated telephone calls to Plaintiff were inconvenient and intrusive causing Plaintiff to suffer and continue to suffer from anger, frustration, stress, and anxiety.

33. Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiff's cellular telephone within four years of this Complaint.

34. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

35. Defendant's actions were willful.

### COUNT I
### HARASSMENT AND ABUSE
### IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

36. Plaintiff incorporates Paragraphs 1 through 35 above as if fully set forth herein.

37. Defendant willfully engaged in conduct which can reasonably be expected to abuse or harass the debtor in violation of Fla. Stat. § 559.72(7).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

### COUNT II
### WILLFUL TELEPHONIC HARASSMENT AND ABUSE BY FREQUENT CALLING IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

38. Plaintiff incorporates Paragraphs 1 through 35 above as if fully set forth herein.

39. Defendant willfully communicated with Plaintiff with such frequency as can be reasonably expected to harass Plaintiff in violation of Fla. Stat. § 559.72(7).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

### COUNT III
### AUTOMATED OR PRE-RECORDED CALLS TO PLAINTIFF'S CELLULAR TELEPHONE IN VIOLATION OF THE TCPA, 47 U.S.C. § 227 (b)(1)(A)(iii)

40. Plaintiff incorporates Paragraphs 1 through 35 above as if fully set forth herein.

41. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. A declaration that Defendant's debt collection practices violate the TCPA;

    c. A permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice of the called party; and engaging in the complained of practices; and

    d. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

> */s/ James S. Giardina*
> [ X ] James S. Giardina – Trial Counsel
> Fla. Bar No. 0942421
> [   ] Kimberly H. Wochholz
> Fla. Bar No. 0092159
> **The Consumer Rights Law Group, PLLC**
> 3104 W. Waters Avenue, Suite 200
> Tampa, Florida 33614-2877
> Tel: (813) 435-5055 ext 101
> Fax: (866) 535-7199
> James@ConsumerRightsLawGroup.com
> Kim@ConsumerRightsLawGroup.com
> *Counsel for Plaintiff*